The STATE of Ohio, Appellee,

v.

CLOUD, Appellant.

[Cite as *State v. Cloud* (1997), 122 Ohio App.3d 626.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 96CA99.

Decided Sept. 12, 1997.

*Thomas R. Stafford*, Greene County Prosecuting Attorney, for appellee.

*Randall L. Stump*, for appellant.

GRADY, Judge.

Defendant, Thomas Cloud, appeals[1] from his conviction and sentence for reckless operation in violation of R.C. 4511.20, which was entered on Cloud's plea of no contest after the state dismissed three other violations of the traffic code that were charged against him.

The three other traffic charges were pending in Xenia Municipal Court when Cloud was transported to the London Correctional Institution ("L.C.I.") in October 1995, to begin serving a term of one and one-half years for the crime of assault. On January 11, 1996, Cloud filed a notice and request for disposition of the traffic charges pursuant to R.C. 2941.401.

A trial date of July 9, 1996, was set for the three traffic charges. On June 28, 1996, Cloud filed a motion to dismiss, *pro se*, arguing that the traffic charges must be dismissed because the state had not brought him to trial within the time limit imposed by R.C. 2941.401. The record does not indicate that the trial court expressly ruled on Cloud's motion.

Cloud was brought to court for trial on July 9, 1996, and pursuant to negotiations he entered a no contest plea. Cloud was convicted and sentenced

---

1. Cloud's merit brief is not in compliance with App.R. 19(A), which requires double spacing between each line of the text. Counsel is reminded of the rule and asked to comply with it in the future.

according to law. He filed a timely notice of appeal, and now presents a single assignment of error, which states:

"The trial court erred by not granting defendant–appellant's motion for dismissal for the reason that the defendant's right to a speedy trial had been violated for the reason that his trial did not occur within 180 days of the defendant requesting a trial while incarcerated in the state of Ohio prison system."

The record contains no form of ruling expressly overruling Cloud's motion to dismiss. However, the subsequent course of the proceedings compels a conclusion that, inasmuch as Cloud was denied the relief he requested, the motion was overruled implicitly by the trial court.

R.C. 2941.401, on which Cloud's motion to dismiss was founded, states:

"When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, *he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter*, except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the warden or superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner.

"The written notice and request for final disposition *shall be given or sent by the prisoner to the warden or superintendent having custody of him, who shall promptly forward it with the certificate to the appropriate prosecuting attorney and court* by registered or certified mail, return receipt requested.

"The warden or superintendent having custody of the prisoner shall promptly inform him in writing of the source and contents of any untried indictment, information, or complaint against him, concerning which the warden or superintendent has knowledge, and of his right to make a request for final disposition thereof.

"Escape from custody by the prisoner, subsequent to his execution of the request for final disposition, voids the request.

"If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice.

"This section does not apply to any person adjudged to be mentally ill or who is under sentence of life imprisonment or death, or to any prisoner under sentence of death." (Emphasis added.)

There is no dispute concerning the form of the notice and request that Cloud caused to be filed, or that they were given by Cloud to the warden of L.C.I., who thereafter filed them with the court and the prosecuting attorney in the manner that R.C. 2941.401 requires. The sole issue in dispute is when the statutory one–hundred–eighty–day period within which Cloud had to be brought to trial pursuant to the statute commenced to run.

■ The state contends that the one–hundred–eighty–day period commenced to run on January 12, 1996, because that date is the first date after the notice and request were received by the Xenia Municipal Court.[2] If the state is correct, Cloud's motion to dismiss was premature when it was filed one hundred sixty–eight days later, on June 28, 1996. Further, on that basis Cloud was brought to trial timely on July 7, 1996, one hundred seventy days after his notice and request had been filed with the court.

Cloud contends that the one–hundred–eighty–day period commenced to run on December 21, 1995, because that is the date on which he gave his notice and request to the warden of L.C.I. The state concedes that Cloud's notice and request bear that date. If Cloud is correct, his motion to dismiss was timely when it was filed on June 28, 1996, which was one hundred eighty–nine days[3] after Cloud executed them and gave them to the warden.

■ The Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution guarantee a criminal accused the right to a speedy trial of the charges brought against him. In Ohio, that right is implemented by statutes which impose a duty on the state to bring a defendant who has not waived his speedy trial rights to trial with the times specified. R.C. 2945.71 et seq. applies to defendants generally. R.C. 2941.401 applies to defendants who are imprisoned. The duties which those statutes impose on the state

---

2. Pursuant to Civ.R. 6(A), which is made applicable to these proceedings by Crim.R. 57(B), the date on which Cloud's notice and request were filed is not included within the one hundred eighty days provided by R.C. 2941.401.

3. Again, the date on which the notice and request were executed is not included within the one–hundred–eighty–day period.

must be strictly enforced by the courts. *State v. Cross* (1971), 26 Ohio St.2d 270, 55 O.O.2d 495, 271 N.E.2d 264. *State v. Pachay* (1980), 64 Ohio St.2d 218, 18 O.O.3d 427, 416 N.E.2d 589.

This court has held that R.C. 2941.401 imposes no duty on the state to bring an accused to trial within the time provided when the notice and request are never served on the prosecutor and the court. *Xenia v. Arrasmith* (Apr. 22, 1992), Greene App. No. 91–CA–15, unreported, 1992 WL 80796. In that event, there is a failure to perfect the right that the statute affords. It is undisputed that Cloud perfected his right in the manner required. The issue presented is when the one–hundred–eighty–day period during which the state was required to perform its concomitant duty commenced to run.

An examination of the text of R.C. 2941.401 compels us to conclude that the state's interpretation of its meaning is the correct one. The one–hundred–eighty–day period prescribed commences to run after the prisoner acts. Though his action ("causes to be delivered") is stated in the present tense, the verbal phrase as direct object employs the infinitive *to be* with reference to a future event which completes his act. That future event is delivery of the notice and request to the court and prosecutor. Therefore, the period commences to run after the prisoner's notice and request have been received by the prosecuting attorney and the appropriate court in which the charges are pending. In this case that period commenced on January 12, 1996, and Cloud was timely brought to trial on the charges concerned on July 7, 1996, one hundred seventy–seven days later.

This interpretation is consistent with our holding in *Xenia v. Arrasmith, supra.* It is also consistent with our holding in *State v. Black* (1990), 70 Ohio App.3d 440, 591 N.E.2d 368, which construed similar, though not identical, provisions of the Interstate Agreements on Detainers Act, R.C. 2963.30.[4] The *Black* holding was in effect reversed on a certified conflict appeal in *State v. Mourey* (1992), 64 Ohio St.3d 482, 597 N.E.2d 101, but it was subsequently approved by the United States Supreme Court in *Fex v. Michigan* (1993), 507 U.S. 43, 113 S.Ct. 1085, 122 L.Ed.2d 406.

This interpretation of R.C. 2941.401 is also consistent with the purpose mentioned above, which is to impose a duty on the state in implementation of an accused's speedy trial rights. By referring to the date on which the notice and request are delivered to the court and the prosecuting attorney, the statute employs a date certain, one of which the state will have had the notice necessary

---

4. R.C. 2963.30 states that an accused who is imprisoned outside Ohio must be brought to trial within one hundred eighty days after he "shall have caused" the notice and request for trial to be delivered to the prosecuting attorney and the court.

for performance of the duty that R.C. 2941.401 imposes on it. The state will have had no notice of the two earlier events the statute contemplates: the prisoner's giving the notice and request to the warden and the warden's "prompt" forwarding of it. R.C. 2941.401 does not define "prompt," suggesting a directional rather than a mandatory requirement. It would not be just to discharge a prisoner from pending charges because the warden failed in that duty, which could occur under the construction Cloud urges us to adopt if the warden forwards it more than one hundred eighty days after is given it by the prisoner. *Fex v. Michigan, supra.* Any prejudice the prisoner suffers in that event is better addressed by an action brought pursuant to Section 1983, Title 42, U.S.Code, rather than by a discharge.

On the foregoing analysis, we find that the one–hundred–eighty–day period in which the state was required to bring Cloud to trial commenced to run on the next day after Cloud's notice and request were received by the court and prosecutor, January 12, 1996. Because only one hundred sixty–eight days had passed when Cloud's motion to dismiss was filed on June 28, 1996, the trial court was correct when it failed to dismiss the pending charges against Cloud with prejudice.

The assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

BROGAN and WOLFF, JJ., concur.