The STATE of Ohio, Appellee,

v.

SMITH, Appellant.

[Cite as *State v. Smith* (2000), 140 Ohio App.3d 81.]

Court of Appeals of Ohio,
Third District, Hancock County.

No. 5–2000–15.

Decided Sept. 29, 2000.

82

*Robert A. Fry,* Hancock County Prosecuting Attorney, and *Mark C. Miller,* Assistant Prosecuting Attorney, for appellee.

*Richard W. Flowers,* for appellant.

THOMAS F. BRYANT, Judge.

This appeal is taken by defendant-appellant Brian S. Smith from the judgment entered by the Court of Common Pleas of Hancock County finding him guilty on two counts of failure to comply with an order or signal of a police officer, violations of R.C. 2921.331(B), each a felony of the fourth degree.

On July 30, 1998, two police officers observed Brian S. Smith driving a motorcycle recklessly amongst traffic at a high rate of speed. The officers drove up alongside the motorcycle and instructed Smith to pull into a nearby gas station. However, Smith sped away and the officers followed, activating their siren and emergency lights. Smith continued to weave in and out of traffic and failed to pull over. Because of Smith's high rate of speed and maneuverability, the officers were unable to apprehend him.

On September 10, 1998, a police officer was stopped at an intersection, where he observed Smith drive in front of him in a Black Ford Mustang. He recognized Smith as the same individual who had fled the police months earlier on the yellow motorcycle. Upon realizing that Smith was the same individual that had evaded apprehension, the officer proceeded to follow Smith. Smith accelerated at a high rate of speed and turned onto Interstate 75. The officer followed in hot pursuit. Smith exited Interstate 75 at the County Road 99 exit. Smith ignored the stop sign at the exit and collided with a semi-truck. Smith attempted to flee on foot but was immediately arrested.

Smith was initially charged in Findlay Municipal Court with failure to comply with order or signal of a police officer, in violation of R.C. 2921.331(B). Bond was set at $10,000 to assure his appearance. On September 16, 1998, a surety bond was posted by AA Bonding and Smith was released from custody.

On September 23, 1998, Smith was indicted on two counts of willfully fleeing a police officer after receiving a visible or audible signal to bring his motor vehicle to a stop, thus causing a substantial risk of serious physical harm to persons or property. On September 30, 1998, Smith was scheduled to appear in court for arraignment. Smith did not appear. The trial court issued a bench warrant and continued the case for arraignment. Authorities made several attempts to find

Smith, but he was not located at the addresses known to the authorities and apparently had fled the jurisdiction to evade prosecution.

Almost one year later, on September 27, 1999, the trial court received notice from Smith that he was imprisoned at the Correctional Reception Center in Orient, Ohio. Smith informed the trial court that he wished to dispose of the untried indictments pending against him. In response, Smith was transported to Hancock County for arraignment. Smith entered a plea of not guilty to both counts. The matter was set for a pretrial conference on November 3, 1999.

On November 3, 1999, after the initial pretrial conference, the state scheduled another conference for December 8, 1999. At the pretrial held on December 8, 1999, the case was assigned for a final pretrial on February 4, 2000, and for trial on February 7, 2000. On February 4, the court held a hearing concerning Smith's unavailability for trial on February 7 due to charges pending in another jurisdiction. As a result, the court rescheduled the trial for May 1, 2000. In a later pretrial, it was learned that on May 1, 2000, Smith was scheduled to appear for trial before another jurisdiction; thus, the trial court moved Smith's trial to an earlier date. The date the trial was to commence was April 24, 2000.

On April 24, 2000, Smith's trial began. The trial lasted four days. On April 27, 2000, after deliberation the jury returned a verdict of guilty on both counts. In a judgment entry dated May 11, 2000, the trial court sentenced Smith to eighteen months on the first count of the indictment and sixteen months for the second count. On May 16, 1999, Smith filed a notice of appeal.

On appeal from that judgment Smith presents the following sole assignment of error:

"The trial court deprived appellant of his right to a speedy trial and due process of law as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution by permitting an unlawful delay before trial."

██ An accused is guaranteed the right to a speedy trial by the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. To determine whether an accused's right to a speedy trial has been violated, the United States Supreme Court has devised a balancing test that requires courts to balance and weigh the conduct of the prosecution and that of the accused by examining four factors: the length of the delay, the reason for the delay, whether the accused has asserted his speedy trial rights, and any resulting prejudice to the accused. *Barker v. Wingo* (1972), 407 U.S. 514; 92 S.Ct. 2182, 33 L.Ed.2d 101.

In Ohio, the right to a speedy trial has been implemented by statutes that impose a duty on the state to bring a defendant who has not waived his rights to

a speedy trial to trial within the time specified by the particular statute. R.C. 2945.71 *et seq.* applies to defendants generally. R.C. 2941.401 applies to defendants who are imprisoned.

The provisions of R.C. 2945.71 *et seq.* and R.C. 2941.401 are mandatory and must be strictly complied with by the trial court. *State v. Cloud* (1997), 122 Ohio App.3d 626, 702 N.E.2d 500; *State v. Pudlock* (1975), 44 Ohio St.2d 104, 73 O.O.2d 357, 338 N.E.2d 524. This "strict enforcement has been grounded in the conclusion that the speedy trial statutes implement the constitutional guarantee of a public speedy trial." *State v. Pachay* (1980), 64 Ohio St.2d 218, 221, 18 O.O.3d 427, 429, 416 N.E.2d 589, 591.

R.C. 2941.401 states in pertinent part:

"When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter, except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance."

Essentially the statute applies when an untried indictment, information, or complaint is pending in Ohio against a prisoner and the pending charges are based on the alleged commission of additional crimes separate and apart from the crimes for which the prisoner is currently serving his sentence. In that situation, the prosecution is required to notify the warden or superintendent having custody of the prisoner of the pending charge. The warden or superintendent is, in turn, required to inform the prisoner in writing of the pending charge and his right to make a request for final disposition thereof.

Once the prisoner is so notified, he must cause to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending written notice of the place of his imprisonment and a request for a final disposition to be made of the matter. If the action is not thereafter brought to trial within one hundred eighty days of the prisoner's written notice, no court has jurisdiction over the pending charges, and the court shall enter an order dismissing the charges.

The one-hundred-eighty-day period prescribed by the statute begins to run after the prisoner's notice of place of imprisonment and request for final disposition of the matter have been received by the prosecuting attorney and the

appropriate court in which the charges are pending.  *State v. Cloud* (1997), 122 Ohio App.3d 626, 630, 702 N.E.2d 500, 503.

The record reveals that Smith did not appear for his arraignment on the indictments in September 1998.  A year later, the Hancock County Prosecutor's Office was informed that Smith had been incarcerated in Orient, Ohio. Pursuant to statutory law, Smith filed a request for final disposition of his untried indictments with the proper court and Prosecutor's Office in Hancock County where the two untried indictments were pending.  Because Smith was imprisoned, R.C. 2941.401 controls the time allotted for trial.

Under R.C. 2941.401, the time allotted for trial begins to run after the Hancock County Prosecutor and common pleas court were informed of Smith's request for final disposition.  The record reveals that the appropriate prosecutor and court received Smith's request for final disposition on September 27, 1999.  Therefore, Smith must have been brought to trial within one hundred eighty days of September 28, 1999.  Absent any tolling of speedy trial time, the one-hundred-eighty-day period would have lapsed on March 26, 2000, approximately one month before Smith was brought to trial.

■ Once a defendant has demonstrated that one hundred eighty days have expired under R.C. 2941.401, he has established a prima facie case for dismissal. *State v. Geraldo* (1983), 13 Ohio App.3d 27, 13 OBR 29, 468 N.E.2d 328.  The burden then shifts to the state to demonstrate any tolling or extensions of time permissible under the law.  *Id.*

■ After notice of Smith's request for final disposition was given, the Hancock County Court of Common Pleas ordered that Smith be transported to Hancock County for arraignment on the untried indictments.  After the initial pretrial conference on November 3, 1999, the state continued the case for another pretrial conference on December 8, 1999.  In a journal entry, the trial court stated that the speedy trial provision had been tolled pursuant to R.C. 2945.72(E) because the parties needed more time to discuss the case at another pretrial conference.[1]  Thus, the thirty-five days between the two pretrial conferences were tolled.

---

1.  Although R.C. 2945.72 does not specifically state that the tolling provisions therein are applicable to R.C. 2941.401, the Fourth District Court of Appeals has reasoned, and we agree, that "R.C. 2941.401 states, in pertinent part, 'except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance.'  The General Assembly, in enacting R.C. 2945.72, has legislated what are reasonable continuances.  We therefore conclude that the factors set forth in R.C. 2945.72 are applicable to R.C. 2941.401." *State v. Nero* (Apr. 4, 1990), Athens App. No. 1392, unreported, 1990 WL 42269, at fn. 1.

██ On December 8, 1999, at the second pretrial conference, the case was scheduled for trial on February 7, 2000. At a hearing held on February 4, 2000, the trial court learned that Smith would not be available for trial in this cause because Smith was being tried for separate charges in Montgomery County on the same day. As a result, the trial court continued the case and scheduled a new trial for May 1, 2000, thus tolling the one-hundred-eighty-day period for seventy-five days.[2] Its journal entry dated February 8, 2000, states:

"Whereupon the Court heard statements by counsel for the Defendant advising that the Defendant is not available to prepare for trial and the Defendant is scheduled to be in trial in Montgomery County on the same date. Counsel for the State of Ohio advised [that] the State was prepared to proceed with the trial and the Court being fully advised hereby ordered that the trial date scheduled for February 7, 2000, be vacated.

"* * *

"It is further ordered that Defendant's bond be continued, and that the Defendant's rights to a speedy trial as governed by the Ohio Revised Code * * * be tolled pursuant to Ohio Revised Code, Section 2945.72(A) and (E)."

The above journal entries contained in the record reveal that the one-hundred-eighty-day period within which the state was required to bring Smith to trial was tolled pursuant to statute for a total of one hundred ten days. After calculating the number of days, we find that Smith was properly brought to trial within one hundred eighty days.[3] Accordingly, we conclude that the trial court did not violate Smith's right to a speedy trial.

██ Despite this, Smith argues that R.C. 2945.71 controls and that the statutory period of two hundred seventy days was exceeded because the trial judge failed to toll the time provided for trial by the statute after Smith failed to appear for arraignment on September 30, 1998. Specifically, Smith argues that because the trial court speaks only through its journal entries and that the trial court in the instant case failed to toll the time pursuant to the mandate, then Smith was denied his right to a speedy trial when he was finally brought before the court for trial in April 2000. Further, Smith argues that even if the trial court did not violate the statutory provisions contained in R.C. 2945.71 et seq., his speedy trial rights under the Constitution have been violated because the time it took to finally bring him to trial was unreasonable.

---

2. The trial court after notifying the parties, rescheduled the trial for April 24, 2000, because Smith had a trial pending in another county that was to begin on May 1, 2000.

3. Smith was actually brought to trial within ninety-nine days of his arraignment.

■ We disagree. As stated above, R.C. 2941.401 controls the speedy trial rights of a defendant who is in prison. Further, because Smith fled the jurisdiction in order to evade prosecution, he may not now claim that his right to a speedy trial was violated prior to his request filed with Hancock County that the untried indictments pending against him be disposed of. In *State v. Gibson* (1992), 75 Ohio App.3d 388, 391, 599 N.E.2d 438, 439–440, this court reasoned:

■ "The Supreme Court of Ohio has held that an accused who escapes the jurisdiction, thereby rendering himself inaccessible to the court, waives his right to a speedy trial. *State v. Bauer* (1980), 61 Ohio St.2d 83, 84–85, 15 O.O.3d 122, 122–123, 399 N.E.2d 555, 555–556. Under *Bauer*, a defendant 'will not be permitted to enjoy the protection of [the speedy trial statutes], as to a time period prior to his failure to appear, when by his actions he has waived their benefits.' *Id.* * * * Furthermore, the *Bauer* court concluded that when a defendant has forfeited his appearance bond, speedy trial time is re-calculated from the time of his re-arrest on the capias issued for his arrest. The court found that a mere 'tolling' of the limitation period during the defendant's absence prior to the final trial date is a 'solution unworkable and inconsistent with the efficient administration of justice.' "

By his absence, Smith has waived his right to assert the protection of R.C. 2945.71 *et seq.* for the period of time that elapsed from his initial arrest date to the date he was subsequently "re-arrested." *Bauer*, 61 Ohio St.2d at 84, 15 O.O.3d at 122–123, 399 N.E.2d at 555–556. Further, Smith's own testimony reveals that he fled the jurisdiction to evade prosecution. Accordingly, we conclude that the trial court did not violate Smith's right to a speedy trial under R.C. 2945.71.

■ Finally, because the overriding factor preventing Smith's trial was his decision to flee the jurisdiction of Hancock County (and thus the delay was solely within his control), this court cannot find that the time it took to bring Smith to trial was "unreasonable" under the standards enunciated by the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101.

No error having been shown, we overrule Smith's sole assignment of error. The judgment of the Court of Common Pleas of Hancock County is affirmed.

*Judgment affirmed.*

SHAW and WALTERS, JJ., concur.