DECISION AND JUDGMENT ENTRY
Jeff D. Pinson II appeals the Scioto County Common Pleas Court's denial of his motion to dismiss the indictment. He assigns the following error:
 THE COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO DISMISS BASED ON FAILURE TO BRING HIM TO TRIAL WITHIN SPECIFIED TIME LIMITS.
 Finding no merit in this assigned error, we affirm the trial court's judgment.
On October 21, 1998, the state filed a complaint against appellant charging him with vandalism, a fifth degree felony, in Portsmouth Municipal Court. The case was dismissed on November 6, 1998 and sent to the Scioto County Prosecutor. A grand jury indictment was returned on March 8, 1999 charging appellant with vandalism, a fourth degree felony arising out of the same facts as the original dismissed complaint.
Appellant was not arrested based on the indictment until September 27, 1999. In December 1999, appellant filed a motion to dismiss the indictment based on the approximately six and a half month delay between the time of indictment and arrest. The court denied that motion without a hearing and the case proceeded to trial in February 2000. The jury found appellant guilty of vandalism in the fifth degree and the court imposed a sentence of ninety days in jail and five years of community control. The court further ordered that appellant make restitution to the victim in the amount of $10,688. Appellant filed a timely appeal.
In his sole assignment of error, appellant argues that the court erred in denying his motion to dismiss the indictment. Appellate review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. See, e.g., State v. Kuhn (June 10, 1998), Ross App. No. 97CA2307, unreported; State v. Pilgrim (Jan. 28, 1998), Pickaway App. Nos. 97CA2 and 97CA4, unreported. We accord due deference to the trial court's findings of fact if supported by competent, credible evidence. However, we independently review whether the trial court properly applied the law to the facts of the case. See, e.g., Kuhn; Pilgrim; State v.Woltz (Nov. 4, 1994), Ross App. No. 93CA1980, unreported. Furthermore, when reviewing the legal issues presented in a speedy trial claim, we must strictly construe the relevant statutes against the state. SeeBrecksville v. Cook (1996), 75 Ohio St.3d 53, 57 (stating that courts must strictly construe speedy trial statutes against the state); Statev. Miller (1996), 113 Ohio App.3d 606, 608; State v. Cloud (1997),122 Ohio App.3d 626 (noting that courts must strictly enforce the duties that the speedy trial provisions impose upon the state).Appellant argues that the period of time between the issuance of the March 8, 1999 indictment and his September 27, 1999 arrest should be included in determining whether he was tried within the statutorily required time period. He asserts that although he was no longer residing at the same address as when he was initially arrested in October 1998, he could have been easily located and served with the summons. Appellant argues in his brief that his name was in the phone book,[2] he worked at a local pizzeria, and the state knew that his former girlfriend is now married to a local attorney and she, apparently, knew his whereabouts. Appellant asserts that the state failed to make diligent efforts to arrest him in a timely manner and, therefore, the state should be charged with the time between the indictment and his arrest.
R.C. 2945.71(C)(2) states that a defendant against whom a felony charge is pending shall be brought to trial within two hundred seventy days after his arrest. In State v. Broughton (1991), 62 Ohio St.3d 253, paragraph two of the syllabus, the Supreme Court of Ohio held that:
 The arrest of a defendant, under a subsequent indictment which is premised on the same underlying facts alleged in a previous indictment, is the proper point at which to resume the running of the speedy-trial period.
 While appellant was not indicted in October 1998, a complaint was filed in municipal court, which serves the same practical purpose as an indictment. Therefore, based on the Broughton holding, the speedy trial period would begin running for purposes of R.C. 2945.71(C)(2) on September 27, 1999.[3]
However, this is not the end of our analysis in light of the appellant's references to the Sixth Amendment to the United States Constitution. In Broughton, the Ohio Supreme Court noted that, "[a]lthough the statutory speedy-trial period does not begin until the defendant is arrested under a subsequent indictment, there may be instances where the elapsed time between reindictment and arrest may violate the defendant's federal and state constitutional rights to a speedy trial." Id. at 261, fn. 5.
The Sixth Amendment to the United States Constitution provides that "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial * * *." This provision has been held to be applicable to state criminal trials via the Fourteenth Amendment. Klopfer v. NorthCarolina (1967), 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1. The Ohio Constitution provides similar protection. See Section 10, Article I.
The United States Supreme Court has recognized that four separate inquiries must be made when deciding if the government's delay violated this right: (1) whether the delay before trial was uncommonly long; (2) whether the government or the criminal defendant is more to blame for that delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether the defendant suffered prejudice as a result of the delay. Doggett v. United States (1992), 505 U.S. 647, 651,112 S.Ct. 2686, 2690, 120 L.Ed.2d 520. None of these individual factors is determinative of whether the defendant's constitutional right to a speedy trial was violated; rather, the court must consider the four factors collectively. Barker v. Wingo (1972), 407 U.S. 514, 533, 92 S.Ct. 2182,2193, 33 L.Ed.2d 101.
The Doggett Court stated that "simply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from `presumptively prejudicial' delay." 505 U.S. at 651-652, 112 S.Ct. at 2691,120 L.Ed.2d 520, quoting Barker, 407 U.S. at 530, 92 S.Ct. at 2192, 33 L.Ed.2d 101. The Court also noted that as the delay approaches one year, the delay becomes presumptively prejudicial. Id. The six and a half month delay alleged here does not come close to approaching this threshold for presuming prejudice. Therefore, the trial court did not err in finding no speedy trial violation, even absent an evidentiary hearing.
Furthermore, even if we accepted the facts cited by appellant in his brief as true, we must find, as a matter of law, that no speedy trial violation occurred. Appellant did exercise his right to a speedy trial in a timely manner but he cited no evidence of how he was actually prejudiced by the delay between the indictment and his arrest in either his brief to this court or his motion to the lower court. Appellant concedes that he was no longer living at the same address as at the time of his initial arrest and the summons in the record demonstrates that there was an attempt at service shortly after the indictment but appellant had moved. While the state may have been negligent in not making further efforts to locate him, appellant does not argue that this inaction was in bad faith with the intention of delaying the case. In sum, even if the Barker factors are considered, appellant was not denied a speedy trial.
Appellant's sole assignment of error is overruled
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 _______________________ William H. Harsha, Judge.
Kline, J. Evans, J.: Concur in Judgment and Opinion
[2] In his motion to the trial court, appellant stated that he and his father have the same name and his father was listed in the phone book. It is not clear if they resided at the same address.
[3] The period between appellant's first arrest in October 1998 and the dismissal of the case in November 1998 would also be included for purposes of determining whether the speedy-trial statute was violated. However, appellant would only be entitled to a dismissal based on a speedy-trial violation if the March 1999 to September 1999 period is counted against the state as the total number of days charged against the state is otherwise significantly less than two hundred seventy.