JOURNAL ENTRY AND OPINION
Pursuant to R.C. 2945.67(A), the State of Ohio appeals fro the dismissal of its indictment against defendant Timothy Reimer. For the reasons set forth below, we affirm.
On October 4, 1999, defendant was charged with trafficking in drugs and theft. Defendant waived a preliminary hearing and on September 29, 1999, the Parma Municipal Court issued a journal entry binding over the matter to the Court of Common Pleas. On December 2, 1999, defendant was indicted pursuant to a six count[1] indictment. On August 31, 2000, the trial court issued a journal entry which provided:
 Capias issued on 8/28/00. Def ord return from MACI CCSO * * * Warrant for removal, Sheriff to transport. Other Comments: Information per sister, defendant incarcerated for two years.
At his arraignment on September 19, 2000, defendant pleaded not guilty to the charges. Thereafter, on October 24, 2000, defendant moved to dismiss the indictment for violation of his right to a speedy trial. He asserted that he had been incarcerated since September 28, 1999, that the statutory time within which to bring him to trial had elapsed, and that the state did not use reasonable diligence to secure his availability in this matter.
The trial court held a hearing on the motion to dismiss on November 6, 2000. Defendant's trial attorney stated that defendant was incarcerated for a parole violation following his arrest in this matter. The state indicated that it relied upon the sheriff's department to find defendant and it was unable to locate him. The trial court subsequently determined that the state had not used reasonable diligence in this matter and it granted defendant's motion to dismiss. The State of Ohio now appeals and assigns three errors for our review.
The state's assignments of error are interrelated and state:
 THE TRIAL COURT ERRED IN HOLDING THAT APPELLEE DID NOT HAVE A STATUTORY BURDEN TO NOTIFY THE PROSECUTION OF HIS LOCATION AND REQUEST A FINAL DISPOSITION PURSUANT TO R.C. 2941.401.
 THE TRIAL COURT ERRED IN DISMISSING THE CHARGES PURSUANT TO R.C. 2941.401 BECAUSE APPELLANT HAD NO ACTUAL NOTICE OF THE PENDING INDICTMENT AGAINST HIM DUE TO THE FACT THAT THE UNDERLYING CRIME IN THE INSTANT CASE LED TO HIS PAROLE VIOLATION, AND APPELLEE ATTENDED A BINDOVER HEARING IN THE INSTANT CASE WHERE CHARGES WERE SENT TO THE CUYAHOGA COUNTY GRAND JURY.
THE STATE DID NOT VIOLATE APPELLEE'S SPEEDY TRIAL RIGHTS.
Within these assignments of error, the state asserts that the trial court misapplied R.C. 2941.401. The state insists that only the defendant can trigger the running of this statutory time limit by demanding final disposition of his case. In light of case law to the contrary, we must reject the state's claims.
The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution. R.C. 2945.71 et seq. sets forth the general speedy trial requirements and R.C. 2941.401 applies to defendants who are imprisoned. See State v. Smith (2000), 140 Ohio App.3d 81; State v. Fox, 1992 Ohio App. LEXIS 5358 (Oct. 22, 1992), Cuyahoga App. No. 63100, unreported. These statutory provisions are mandatory and must be strictly complied with by the trial court. State v. Cloud (1997), 122 Ohio App.3d 626. Tolling of the statutory time limits may occur, however, where the defendant is unavailable and the state has used reasonable diligence to secure his availability. See R.C. 2945.72.
R.C. 2941.401 states in pertinent part:
 When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made on the matter, except that for good cause shown in open court, with the prisoner or his counsel present the court may grant a reasonable continuance. * * *
 The warden or superintendent having custody of the prisoner shall promptly inform him in writing of the source and contents of any untried indictment, information, or complaint against him, concerning which the warden or superintendent has knowledge, and of his right to make a request for final disposition thereof. * * * *.
In State v. Smith, supra, the court explained this statute as follows:
 Essentially the statute applies when an untried indictment, information, or complaint is pending in Ohio against a prisoner and the pending charges are based on the alleged commission of additional crimes separate and apart from the crimes for which the prisoner is currently serving his sentence. In that situation, the prosecution is required to notify the warden or superintendent having custody of the prisoner of the pending charge. The warden or superintendent is, in turn, required to inform the prisoner in writing of the pending charge and his right to make a request for final disposition thereof. Once the prisoner is so notified, he must cause to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter. If the action is not thereafter brought to trial within one hundred eighty days of the prisoner's written notice, no court has jurisdiction over the pending charges, and the court shall enter an order dismissing the charges.
 The one-hundred eighty day period prescribed by the statute begins to run after the prisoner's notice of place of imprisonment and request for final disposition of the matter have been received by the prosecuting attorney and the appropriate court in which the charges are pending. State v. Cloud (1997), 122 Ohio App.3d 626, 630, 702 N.E.2d 500.
Thus the statute requires that a warden inform a prisoner of a pending indictment of which the warden has knowledge. Further, as noted in State v. Miller (1996),113 Ohio App.3d 606, 609:
 "Although section 2941.401 does not explicitly require the state to give notice of an indictment to an accused who is incarcerated on a different charge, the statute would have no meaning if the state could circumvent its requirements by not sending notice of an indictment to the warden of the institution where the accused is imprisoned. * * *
 Thus, we hold that the state cannot avoid the requirements of S2941.401 by neglecting or refusing to send a copy of the indictment to the warden of the accused's institution of incarceration. Nevertheless, we are cognizant that the state may be unaware that an indictee is already imprisoned on a different charge, and therefore conclude that the state meets its burden under § 2941.401 if it exercises `reasonable diligence' to discover if the indictee is imprisoned within the state." (Footnote omitted.) [State v. Floyd (Oct. 25, 1979), Cuyahoga App. No. 39929, unreported] * * * at 2. See, also, State v. Carter (June 30, 1981), Franklin App. No. 80AP-434, unreported.
Accord State v. Kuhn (June 10, 1998), Ross App. No. 97 CA 2307, unreported; State v. Ramey, 1996 Ohio App. LEXIS 956 (Mar. 14, 1996), Cuyahoga App. No. 69080, unreported; State v. Davis, 1987 LEXIS 6916 (April 30, 1987), Cuyahoga App. No. 52030, unreported; State v. Crawford, 1996 Ohio App. LEXIS 107 (Jan. 16, 1996), Franklin App. No. 95APA07-864, unreported; City of Newark v. Barcus, 1994 Ohio App. LEXIS 4814 (Sept. 29, 1994), Licking App. No. 94 CA 00015, unreported; State v. Ross, 1993 Ohio App. LEXIS 1116 (Feb. 17, 1993), Jackson App. No. 689, unreported; State v. Vagedes, 1990 Ohio App. LEXIS 3549 (Aug. 20, 1990), Butler App. No. CA90-03-058, unreported. But, see, State v. Auterbridge, 1998 Ohio App. LEXIS 672 (Feb. 25, 1998), Lorain App. No. 97CA006702, unreported at 3 ("The language of the statute does not impose a duty on the state to use reasonable diligence in serving indictments to defendants who are already in prison."); State v. Grant (Nov. 10, 1999), Lorain App. No. 98CA007038, unreported.
Further, it is well-settled that the state's mailing of a summons and a capias to a defendant's last known address does not comport with the requirement of "reasonable diligence." See State v. Davis (April 30, 1987), Cuyahoga App. No. 52030, unreported.
The state asks us to conclude that the warden did not have any duty to inform defendant of the indictment, and that the state therefore did not violate any duty, because the Parma Municipal Court conducted proceedings in this matter prior to the indictment and defendant was therefore fully informed of the charges at this time. We cannot accept this assertion. In State v. Davis (Apr. 30, 1987), Cuyahoga App. No. 52030, unreported, this court stated:
 The appellant argues that the state did not have a duty to notify the appellee of the charges against him, as the appellee previously had notice based upon his appearance at the preliminary hearing in Municipal Court. The appellant contends that the appellee waived his right to a speedy trial due to his failure to avail himself of R.C. 2941.401 rights.
* * *
 Although appellee was present at his preliminary hearing he had no knowledge that he was indicted on December 11, 1981 because he had been sentenced to Mansfield Reformatory on November 30, 1981. Under these facts, we cannot hold that the state exercised reasonable diligence to discover if appellee was incarcerated in the state, and therefore conclude that the state, through its negligence, denied appellee his speedy trial rights under section 2941.401 and sections 2945.71-2945.73
See, also, Lakewood v. Acord (Feb. 22, 1996), Cuyahoga App. NO. 68566. As the court explained in State v. Fitch (1987), 37 Ohio App.3d 159, 162, "the state legislature, in its wisdom, has elected to obligate the state to notify the accused of his right to make a demand for speedy disposition of pending indictments as well as the fact of suchindictments. It would nullify the entire purpose of the statute if failure to give notice of the right would operate to relieve the state of its legal burden to try cases within rule." (Emphasis added).
Likewise, we are compelled to conclude that the proceedings in the Parma Municipal Court did not trigger defendant's duty to demand final disposition of this matter following his incarceration on the separate matter because there is no evidence that defendant knew of the subsequent indictment. Moreover, in the hearing below, the state did not demonstrate that it used reasonable diligence to locate defendant. In accordance with the foregoing, the assigned errors are not well-taken and the judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, A.J., AND TERRENCE O'DONNELL, J., CONCUR.
[1] Count One charged defendant with possession of Dilaudid, in an amount exceeding five times bulk amount but less than fifty times the bulk amount. Count Two charged him with possession of Percocet in an amount exceeding five times the bulk amount but less than fifty times the bulk amount. Count Three charged defendant with possession of Percodan in an amount exceeding bulk but less than five times the bulk amount and Counts Four, Five and Six charged him with deception to obtain a dangerous drug.