OPINION *Page 2 
{¶ 1} Defendant-Appellant Monte E. Smith appeals the denial of his motion to dismiss and his sentence entered by the Licking County Common Pleas Court.
 {¶ 2} Plaintiff-Appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 3} Defendant-Appellant Monte E. Smith was arrested on February 21, 2007, and on March 9, 2007 he was indicted by the Grand Jury of Licking County on charges of possession of cocaine, trafficking in cocaine, and attempted illegal manufacture of drugs, with forfeiture specifications, in Case No. 07 CR 117.
 {¶ 4} On March 13, 2007, Appellant filed a Request for Discovery and a Request for a Bill of Particulars.
 {¶ 5} On April 6, 2007, the State provided discovery to Appellant.
 {¶ 6} On April 13, 2007, Appellant filed a Motion to Suppress.
 {¶ 7} On May 3, 2007, a hearing was held on Appellant's Motion to Suppress.
 {¶ 8} On May 3, 2007, Appellant was re-indicted in Case No. 07 CR 221 and charged with trafficking in crack cocaine [two counts], illegal manufacture of drugs, possession of cocaine [three counts], possession of drug paraphernalia, and forfeiture specifications. Case No. 07 CR 221 incorporated the charges in Case No. 07 CR 117, with minor modifications. As a result, Case No. 07 CR 117 was dismissed by the State.
 {¶ 9} On June 19, 2007, Appellant filed a Motion to Dismiss Indictment and Charges Therein.
 {¶ 10} On July 9, 2007, the second count in Case No. 07 CR 221 was dismissed by the State, and Appellant was re-indicted in Case No. 07 CR 370 on the same charge *Page 3 
as set forth in the second count of the indictment, which was then pending, with a modification that reduced the original charge from a first degree felony to a second degree felony. Case No. 07 CR 221 and Case No. 07 CR 370 were thereupon consolidated for further proceedings at the trial court level.
 {¶ 11} On August 7, 2007, the trial court overruled Appellant's speedy trial motion based upon the authority set forth in the State's Memorandum in Opposition.
 {¶ 12} On August 10, 2007, Appellant filed a Motion to Consolidate Pending Cases, which resulted in the jury trial being continued from the August 16, 2007, scheduled date to October 3, 2007.
 {¶ 13} Appellant subsequently filed a Motion to Suppress and a Motion to Continue the jury trial set for October 3, 2007 and November 30, 2007.
 {¶ 14} The case was eventually scheduled for trial on January 24, 2008. At that time, Defendant was charged in the consolidated cases as follows:
 {¶ 15} "Sale or offer to sell 61.1 grams of crack cocaine on or about the 29th day of December 2006, in violation of Section 2925.03(A)(1)(C)(4)(f) of the Ohio Revised Code, a felony of the first degree;
 {¶ 16} "Knowingly manufacture or otherwise engaging in any part of the production of cocaine on or about the 21st day of February 2007, in violation of Section 2925.04(A)(C)(2) of the Ohio Revised Code, a felony of the second degree;
 {¶ 17} "Knowingly obtaining, possessing, or using cocaine (30.90 grams) on or about the 21st day of February, 2007, in violation of Section 2925.11(A)(C)(4)(c) of the Ohio Revised Code, a felony of the third degree; *Page 4 
 {¶ 18} "Knowingly, obtain, possess or use cocaine in an amount less than 5 grams, (0.16 grams) on or about the 21st day of February, 2007, in violation of Section 2925.11(A)(C)(4)(a) of the Ohio Revised Code, a felony of the fifth degree;
 {¶ 19} "Knowingly obtain, possess or use cocaine (35.10 grams) in violation of Section 2925.11(A)(C)(4)(c) of the Ohio Revised Code, a felony of the third degree.
 {¶ 20} "Knowingly use or possess with purpose to use, drug paraphernalia on or about the 21st day of February, 2007, in violation of Section 2925.14(C)(1) of the Ohio Revised Code, a misdemeanor of the fourth degree;
 {¶ 21} "Knowingly sell or offer to sell (powder) cocaine (61.00 grams), said offense being committed in the vicinity of a school, in violation of Section 2925.03(A)(1) and (C)(4)(d) of the Ohio Revised Code, a felony of the second degree."
 {¶ 22} With the exception of the first degree felony alleged to have occurred on December 29, 2006, all of the charges against Appellant occurred on the same date, i.e., February 21, 2007.
 {¶ 23} On the trial date of January 24, 2008, a plea agreement was reached, and a plea hearing was conducted. At said plea hearing, certain negotiations took place which were accepted by the trial court. Attached to and filed with the Judgment Entry in each case is the admission of guilt/no contest. This sets forth the details of the plea agreement.
 {¶ 24} In Case No. 07 CR 221, the State agreed to dismiss the fourth count in the indictment, which charged Appellant with knowingly manufacturing or engaging in any part of the production of cocaine. The State also dismissed the fifth count, which was a charge involving possession of a small amount of cocaine, a felony of the fifth degree. *Page 5 
Finally, the State amended the single charge in Case No. 07 CR 370 to delete the specification that the offense had been committed in the vicinity of a school, thereby reducing the offense from a felony of the second degree to a felony of the third degree. The State recommended to the court that the sentence not exceed nine years as to all charges. Counsel for Appellant specifically did not join in this recommendation, but reserved the right to seek a lesser combined sentence.
 {¶ 25} Thereupon, Appellant entered his plea of guilty to the first and fourth count of the indictment in Case No. 07 CR 221, a felony of the first degree and a felony of the third degree, respectively. Appellant also entered a no contest/Alford plea as to the sixth count of the indictment in the same case, also a felony of the third degree. Finally, Appellant entered a guilty plea to the single charge in Case No. 07 CR 370, as amended from a felony of the second degree to a felony of the third degree.
 {¶ 26} The Judgment Entry on the plea in each case was filed on January 25, 2008, and attached to the Judgment Entry in each case was the plea form which reflected the terms of the negotiated plea. The trial court ordered a pre-sentence investigation and report at that time. In addition, counsel for Appellant filed a Sentencing Memorandum for the trial court's consideration.
 {¶ 27} On March 19, 2008, a sentencing hearing was conducted. At that time the trial court sentenced Appellant in Case No. 07 CR 221 to three years on the first count, two years on the fourth count, and two years on the sixth count to run consecutively with each other and consecutive with a sentence of two years in Case No. 07 CR 370, in which Appellant was sentenced to two years on the single count in that case, for a total of nine years. All sentences were ordered to run consecutively with each other. *Page 6 
 {¶ 28} On March 20, 2008, the Journal Entry of Judgment in each case was filed.
 {¶ 29} It is from this Entry Appellant now appeals, raising the following assignments of error:
 ASSIGNMENTS OF ERROR {¶ 30} "I. THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION TO DISMISS THE INDICTMENT AND CHARGES THEREIN, WHICH MOTION WAS BASED UPON FAILURE OF THE STATE TO PROSECUTE IN CONFORMITY WITH DEFENDANT'S CONSTITUTIONAL AND STATUTORY RIGHT TO A SPEEDY TRIAL.
 {¶ 31} "II. THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES, CONTRARY TO OHIO REVISED CODE, SECTION 5145.01.
 {¶ 32} "III. THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES UPON THE BASIS OF IMPERMISSIBLE FACTFINDING, CONTRARY TO STATE VS. FOSTER. IN ADDITION, THE CONCLUSIONS REACHED BY THE TRIAL COURT DURING THIS FACTFINDING PROCESS WERE ERRONEOUS AS A MATTER OF LAW."
 I. {¶ 33} In Appellant's first assignment of error, Appellant argues that the trial court erred in overruling his motion to dismiss based on a violation of his speedy trial rights. We disagree.
 {¶ 34} An accused is guaranteed the right to a speedy trial by theSixth Amendment to the United States Constitution and Section 10, Article I of the Ohio *Page 7 
Constitution. To determine whether an accused's right to a speedy trial has been violated, the United States Supreme Court has devised a balancing test that requires courts to balance and weigh the conduct of the prosecution and that of the accused by examining four factors: the length of the delay, the reason for the delay, whether the accused has asserted his speedy trial rights, and any resulting prejudice to the accused. Barker v. Wingo (1972), 407 U.S. 514, 92 S.Ct. 2182,33 L.Ed.2d 101.
 {¶ 35} In Ohio, the right to a speedy trial has been implemented by statutes that impose a duty on the State to bring a defendant, who has not waived his rights to a speedy trial, to trial within the time specified by the particular statute. R.C. § 2945.71 et seq. applies to defendants generally. R.C. § 2941.401 applies to defendants who are imprisoned.
 {¶ 36} The provisions of R.C. § 2945.71 et seq. and R.C. § 2941.401
are mandatory and must be strictly complied with by the trial court.State v. Cloud (1997), 122 Ohio App.3d 626, 702 N.E.2d 500; State v.Pudlock (1975), 44 Ohio St.2d 104, 338 N.E.2d 524. This "strict enforcement has been grounded in the conclusion that the speedy trial statutes implement the constitutional guarantee of a public speedy trial." State v. Pachay (1980), 64 Ohio St.2d 218, 221, 416 N.E.2d 589,591.
 {¶ 37} A speedy-trial claim involves a mixed question of law and fact.State v. Larkin, Richland App. No. 2004-CA-103, 2005-Ohio-3122. As an appellate court, we must accept as true any facts found by the trial court and supported by competent, credible evidence. With regard to the legal issues, we apply a de novo standard of review and thus freely review the trial court's application of the law to the facts. Id. *Page 8 
 {¶ 38} R.C. § 2945.72 provides the time a person is required to be brought to trial may be tolled for any period of time specified:
 {¶ 39} "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:
 {¶ 40} "(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
 {¶ 41} "* * *
 {¶ 42} "(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;"
 {¶ 43} In the case sub judice, pursuant to R.C. § 2945.72, Appellant did not waive his right to a speedy trial; rather, the calculation of the same was tolled during the time his various motions were pending and during the period of continuance granted upon his motions for same. Specifically, Appellant's speedy trial period tolled during the following dates:
 {¶ 44} 02/21/07 (arrest) to 03/13/07 (discovery request) = 20 days(x3) 60 days
 {¶ 45} 03/14/07 — 04/06/07 (discovery provided) = time tolled 0 days
 {¶ 46} 04/07/07 — 04/13/07 (motion to suppress) = 6 days (x3) 18 days
 {¶ 47} 04/14/07 — 05/03/07 (suppression hearing) = tolled 0 days
 {¶ 48} 05/04/07 — 05/07/07 = 3 days (x3) 9 days
 {¶ 49} 05/08/07 — 06/19/07 (motion to dismiss) = 43 days (on bond) 43 days
 {¶ 50} 06/20/07 — 09/07/07 (motion to dismiss) = tolled 0 days
 {¶ 51} 08/08/07 — 08/10/07 = 3 days 3 days *Page 9 
 {¶ 52} Total days counted against speedy trial time = 133 days
 {¶ 53} As the State had 270 days within which to bring Appellant to trial, we find Appellant was tried within the speedy trial period required.
 {¶ 54} Appellant's first assignment of error is overruled.
 II., III. {¶ 55} In his second and third assignments of error, Appellant argues that R.C. § 5145.01 prevents trial courts from imposing consecutive sentences until such time as new legislation is enacted which "conform[s] to the policy and purposes which originally formed the basis for Senate Bill 2" and further that the trial court engaged in judicial fact-finding in imposing consecutive sentences in this case and that such is prohibited by Foster. We disagree.
 {¶ 56} Recently in State v. Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912,896 N.E.2d 124 the Ohio Supreme Court reviewed its decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470 as it relates to the remaining sentencing statutes and appellate review of felony sentencing.
 {¶ 57} In Kalish, the Court discussed the affect of theFoster decision on felony sentencing. The Court stated that, inFoster, the Ohio Supreme Court severed the judicial fact-finding portions of R.C. § 2929.14, holding that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." (emphasis added). Kalish at ¶ 1 and 11, 896 N.E.2d 124, citingFoster at ¶ 100, See also, State v. Payne, 114 Ohio St.3d 502,2007-Ohio-4642, *Page 10 873 N.E.2d 306; State v. Firouzmandi, Licking App. No. 2006-CA-41,2006-Ohio-5823.
 {¶ 58} Such statement as to consecutive sentences makes it apparent that the Supreme Court still finds consecutive sentences are permissible after Foster, supra.
 {¶ 59} The Court in Kalish, went on to state:
 {¶ 60} "Thus, a record after Foster may be silent as to the judicial findings that appellate courts were originally meant to review under 2953.08(G)(2)." Kalish at ¶ 12. However, although Foster eliminated mandatory judicial fact-finding, it left in tact R.C. § 2929.11 and § 2929.12, and the trial court must still consider these statutes.Kalish at ¶ 13, see also State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, 846 N.E.2d 1; State v. Firouzmandi, supra at ¶ 29.
 {¶ 61} "Thus, despite the fact that R.C. 2953.08(G)(2) refers to the excised judicial fact-finding portions of the sentencing scheme, an appellate court remains precluded from using an abuse-of-discretion standard of review when initially reviewing a defendant's sentence. Instead, the appellate court must ensure that the trial court has adhered to all applicable rules and statutes in imposing the sentence. As a purely legal question, this is subject to review only to determine whether it is clearly and convincingly contrary to law, the standard found in R.C. 2953.08(G)." Kalish at ¶ 14.
 {¶ 62} Therefore, Kalish holds that, in reviewing felony sentences and applying Foster to the remaining sentencing statutes, appellate courts must use a two-step approach. "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the *Page 11 
trial court's decision in imposing the term of imprisonment shall be reviewed under an abuse of discretion standard." Kalish at ¶ 4,State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.
 {¶ 63} The Supreme Court held, in Kalish, that the trial court's sentencing decision was not contrary to law. "The trial court expressly stated that it considered the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12. Moreover, it properly applied post release control, and the sentence was within the permissible range. Accordingly, the sentence is not clearly and convincingly contrary to law." Kalish at ¶ 18. The Court further held that the trial court "gave careful and substantial deliberation to the relevant statutory considerations" and that there was "nothing in the record to suggest that the court's decision was unreasonable, arbitrary, or unconscionable." Kalish at ¶ 20.
 {¶ 64} The relevant sentencing law is now controlled by the Ohio Supreme Court's decision in State v. Foster, i.e." * * * trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."109 Ohio St.3d 1, 30, 2006-Ohio-856 at ¶ 100, 845 N.E.2d 470, 498.
 {¶ 65} Upon review of the record in the instant case, we find that while the trial court did engage in comments and statements concerning Appellant's crimes and the sentence being imposed, we do not find that such statements were improper judicial fact-finding but rather were statements made to show that that the trial court carefully considered the surrounding circumstances and Appellant's actions before imposing consecutive sentences. *Page 12 
 {¶ 66} For these reasons, we find that the sentence imposed by the trial court was not contrary to law and the trial court did not abuse its discretion in imposing consecutive sentences.
 {¶ 67} Appellant's second and third assignments of error are overruled.
 {¶ 68} For the reasons stated in the foregoing opinion, the judgment of the Licking County Common Pleas Court, Licking County, Ohio, is affirmed.
Wise, J. Farmer, P. J., and Gwin, J., concur. *Page 13 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
Costs assessed to Appellant. *Page 1