[Cite as *State v. Rardain*, 2012-Ohio-2670.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2012-CA-0024 |
| ROBERT W. RARDAIN | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Criminal appeal from the Licking County
Court of Common Pleas, Case No.
2008CR00770

JUDGMENT:        Affirmed

DATE OF JUDGMENT ENTRY:        June 14, 2012

APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

KENNETH OSWALT        ROBERT W. RARDAIN
Licking County Prosecuting Attorney        Hocking Correctional Facility
20 South Second Street        Box 59
Newark, OH  43055        16759 Snake Hollow Road
Nelsonville, OH  45764-0059

*Gwin, P.J.*

{¶1} Defendant-appellant Robert W. Rardain appeals a judgment of the Court of Common Pleas of Licking County, Ohio, which overruled his motion to terminate his allegedly void or voidable judgment and sentence. Appellant assigns a single error to the trial court:

{¶2} "I. THE TRIAL COURT'S IMPOSITION OF CONSECUTIVE SENTENCES UPON THE APPELLANT IS CLEARLY AND CONVINCINGLY CONTRARY TO LAW, AND THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING CONSECUTIVE SENTENCES. VIOLATING THE APPELLANT'S FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUION.(SIC)"

{¶3} The record indicates appellant was sentenced in June 2009 after he changed his plea to guilty of three counts of rape, six counts of gross sexual imposition and one count of importuning. There is no transcript of the sentencing hearing, but the court stated in its written judgment entry it had considered the record, oral statements, the principles and purposes of sentencing, and the balance of the seriousness and recidivism factors. After consideration of the statutory factors, the court found that prison is consistent with purposes of the Revised Code and appellant was not amenable to any available community control sanction. The court sentenced appellant to an aggregate of fourteen years. The court also informed appellant he was subject to post-release control and would be classified as a Tier III sexual offender.

{¶4} On January 10, 2012, appellant filed his motion to terminate his sentence, arguing the trial court should have made his sentences concurrent rather than running some of them consecutively.

**{¶5}** Appellant argues he has an independently created liberty interest to be sentenced to concurrent prison terms on all charges pursuant to R.C. 5145.01. He asserts his equal protection rights were violated when the sentencing court imposed consecutive prison terms. Appellant asserts the court records must demonstrate why R.C. 5145.01 regarding duration of sentences was inapplicable, and he asserts consecutive terms are contrary to law.

**{¶6}** The State suggests the matter is res judicata because appellant did not raise these issues in a timely direct appeal. Appellant responds he was unaware of his appellate rights and never pursued a direct appeal.

**{¶7}** We find we need not address the procedural issues here because appellant cannot prevail on the merits. In *State v. Smith,* Fifth District Nos. 08CA42 and 08CA43, 2009-Ohio-1684, this court rejected the argument R.C. 5145.01 prevents trial courts from imposing consecutive sentences. We cited *State v. Kalish,* 120 Ohio St. 3d 23, 2008-Ohio-4912, 896 N.E.2d 124 as holding that trial courts have full discretion to impose a prison sentence within the statutory range and are not required to make findings or state reasons for imposing maximum, consecutive, or more than the minimum sentences. *Smith,* at paragraph 57.

**{¶8}** Appellant also argues his plea agreement is not enforceable because his sentence is contrary to R.C. 5145.01. Appellant's written plea of guilty states no promises have been made to him as part of the plea agreement except that he would receive an aggregate sentence of fourteen years. Because we find the sentence was not contrary to law, we find no merit herein.

**{¶9}** Appellant has not moved the court to allow him to withdraw his guilty plea and has not argued his plea was not voluntary.

**{¶10}** We find no constitutional violation or legal error herein.

**{¶11}** The assignment of error is overruled.

**{¶12}** For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Farmer, J., concur

_____

HON. W. SCOTT GWIN

_____

HON. WILLIAM B. HOFFMAN

_____

HON. SHEILA G. FARMER

WSG:clw 0604

[Cite as *State v. Rardain*, 2012-Ohio-2670.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ROBERT W. RARDAIN | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2012-CA-0024 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER