DECISION
Shawn L. Robinson, defendant-appellant, appeals from an August 1, 2001 judgment entry of the Franklin County Court of Common Pleas finding him guilty of attempted rape, a violation of R.C. 2923.02 and 2907.02; and attempted kidnapping, a violation of R.C. 2923.02 and 2905.01.
On July 28, 2000, appellant was indicted by a grand jury on two counts of rape, a violation of R.C. 2907.02, and one count of kidnapping, a violation of R.C. 2905.01. Appellant was at the time already serving a sentence from an unrelated case. Pursuant to a plea agreement with the state, appellant pled guilty to the lesser offenses of attempted rape and attempted kidnapping. In exchange for appellant's guilty plea, a nolle prosequi was entered for appellant's second rape count. The trial court sentenced appellant to serve six years for his attempted rape conviction and six years for his attempted kidnapping conviction. Appellant appeals his convictions and presents the following two assignments of error:
 I. THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT'S MOTION TO DISMISS FOR DENYING HIM HIS RIGHT TO SPEEDY TRIAL.
 II. TRIAL COURT DID NOT ADDRESS THE SPEEDY TRIAL ISSUE PURSUANT TO O.R.C. SECTION 2941.401 STANDARDS.
Appellant argues in his first assignment of error the trial court erred when it denied his motion to dismiss based upon the alleged denial of his right to a speedy trial. Appellant argues in his second assignment of error the trial court failed to address the speedy trial provisions of R.C. 2941.401. Because of the similarities in appellant's assignments of error, we will discuss them together.
The Sixth Amendment of the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy * * * trial." Section 10, Article I, Ohio Constitution similarly guarantees a party accused to have "a speedy public trial." Some of the reasons for these speedy trial provisions are that unreasonable delay between formal accusation and trial may produce harm such as oppressive pretrial incarceration, anxiety and concern of the accused, and the possibility that the accused's defense will be impaired by dimming memories and the loss of exculpatory evidence. Doggett v. United States (1992), 505 U.S. 647, 654, 112 S.Ct. 2686, 2692.
Ohio's speedy trial statutes were implemented to incorporate the constitutional protection of the right to a speedy trial provided for in the Sixth Amendment to the United States Constitution and in Section 10, Article I, Ohio Constitution. Brecksville v. Cook (1996), 75 Ohio St.3d 53,55. "When an individual is incarcerated on different charges at the time of his or her subsequent indictment, R.C. 2941.401 establishes his or her speedy trial rights for the new indictment." State v. Wangul (Feb. 14, 2002), Cuyahoga App. No. 79393, unreported. R.C. 2945.71 et seq. applies to defendants generally and R.C. 2941.401 applies to defendants who are imprisoned. State v. Smith (2000), 140 Ohio App.3d 81, 85. The provisions of R.C. 2941.401 are mandatory and must be strictly complied with by the trial court. Id. at 86.
R.C. 2941.401 states that when a person has entered upon a term of imprisonment in a correctional institution of Ohio, the prisoner "shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter * * *." However, "if the defendant has knowledge of his right to demand a speedy trial, either through the advice of the warden/superintendent or otherwise, speedy trial time under R.C. 2941.401 will not begin to run until such time as the defendant exercises this right." State v. Curry (Sept. 30, 1997), Scioto App. No. 95CA2339, unreported, discretionary appeal not allowed (1998), 81 Ohio St.3d 1432, certiorari denied,525 U.S. 831, 119 S.Ct. 83.
 Once the prisoner is so notified, he must cause to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending written notice of the place of his imprisonment and a request for a final disposition to be made of the matter. If the action is not thereafter brought to trial within one hundred eighty days of the prisoner's written notice, no court has jurisdiction over the pending charges, and the court shall enter an order dismissing the charges. Smith, supra, at 86.
In the present case, appellant does not dispute the fact he learned about his indictment shortly after the indictment was issued. In a letter written to the court dated June 14, 2001, appellant claimed he "filed for speedy trail [sic] August 6.00." Appellant has requested that this court modify the record through a motion filed pursuant to App.R. 9(E). The items appellant wishes to include in the record are four exhibits he claims were submitted to and reviewed by the trial court at his July 30, 2001 hearing. Appellant claimed during the hearing the exhibits demonstrated that he did not wish to waive his speedy trial rights. One of these documents, Exhibit 1-A, is an apparent request by appellant for an interview with the prison records office about a speedy trial request filed on August 9, 2000. The record also shows that appellant signed a plea of not guilty filed with the trial court on August 30, 2000. Therefore, the record supports a finding that appellant had notice of his indictment sometime in August 2000.
The record also shows appellant had knowledge of his right to demand a speedy trial pursuant to the requirements of R.C. 2941.401. Exhibit 2-B, submitted by appellant, contains a typed paragraph which states the following underneath the heading Ohio Felony Charges, R.C. 2941.401:
 If you have pending, in Ohio, an untried indictment, information, or complaint, you may file for a speedy trial. You must notify the Records Office that you wish to file for a fast and speedy trial. A mere request for a case number or a request for assistance from the Records Office is not_sufficient. You must make a formal, unequivocal demand of the Records Office to initiate your speedy trial request. In this regard, the Records Office _must be apprised of the case number, charge, and the county where the action is pending. Once you have this information, relay it to the Records Office and make your formal request for a speedy trial. (Emphasis sic.)
A review of the record gives no indication that appellant invoked his right to a speedy trial pursuant to R.C. 2941.401 by delivering a request to the trial court and to the prosecuting attorney. Appellant's request for an interview with the records office about a speedy trial filed on August 9, 2000, cannot be construed as the type of request contemplated by R.C. 2941.401. Accordingly, we find that the time requirements for a speedy trial under R.C. 2941.401 did not begin to run because appellant never exercised his right pursuant to the statute. Therefore, the trial court was not required to dismiss the charges filed against appellant pursuant to R.C. 2941.401.
In addition to R.C. 2941.401, appellant has a general constitutional right to a speedy trial and the record shows appellant was not denied such right. Several continuances were granted by the trial court after it found good cause for the continuances. Each time a continuance was granted, the court found appellant waived the right to a speedy trial for the period of the continuance.
Appellant claims in his appellate brief that his trial counsel was not authorized to consent to these continuances. However, "a defendant is bound by his attorney's waiver of time." State v. Stamps (1998),127 Ohio App.3d 219, 226. For example, a defendant's right to be brought to trial within the time limits expressed in R.C. 2945.71 may be waived by his counsel for reasons of trial preparation and the defendant is bound by the waiver even though the waiver is executed without his consent. State v. Tyndall (Nov. 30, 2001), Greene App. No. 2000 CA 120, unreported, following State v. McBreen (1978), 54 Ohio St.2d 315, syllabus. The continuance granted on February 2, 2001 upon a motion by both parties reassigned appellant's trial to April 4, 2001 because "defense [was] continuing negotiations." Therefore, appellant cannot claim he was denied his right to a speedy trial based upon the granting of this continuance.
Additionally, a court speaks through its journal and when a transcript is unavailable, a reviewing court will presume the regularity of proceedings. State v. Ward (Aug. 28, 1997), Cuyahoga App. No. 68848, unreported, discretionary appeal not allowed, 80 Ohio St.3d 1481. Since no transcripts were provided for the hearings when continuances were granted, we presume the trial court was correct in its findings that appellant waived his right to a speedy trial for each of the continuances.
We note that the State of Ohio, defendant-appellee, argues that when appellant pled guilty, he waived his right to challenge his conviction on statutory speedy trial grounds. It is true that as "a guilty plea waives a defendant's right to trial, it also necessarily waives any claim that the defendant was denied a speedy trial." Limpach v. Lane (Dec. 19, 2000), Hocking App. No. 99CA12, unreported, discretionary appeal not allowed (2001), 91 Ohio St.3d 1509, following State v. Kelley (1991),57 Ohio St.3d 127 . However, "when the right to a speedy trial has been formally asserted on the record pursuant to a motion to dismiss or a similar motion, a subsequent waiver of speedy trial will have prospective application only [and] will not cure any violation of the statutory time frame for trial set forth in R.C. 2945.71 that may have accrued prior to the execution of the waiver." State v. Santini (2001),144 Ohio App.3d 396, 402. Therefore, appellant may argue on appeal that his rights to a speedy trial were denied even though appellant pled guilty.
Accordingly, we find appellant was not denied his right to a speedy trial pursuant to the United States and Ohio Constitutions, and R.C.2941.401. The trial court did not err when it denied appellant's motion to dismiss his case based upon his right to a speedy trial. Appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
DESHLER and BOWMAN, JJ., concur.