[Cite as *State v. Pugh*, 2011-Ohio-812.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | |
| JEFFREY ALLEN PUGH | : | Case No. 2010CA00173 |
| | : | |
| Defendant-Appellant | : | |
| | | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common Pleas,
                                                          Case No. 1998CR1366(B)



JUDGMENT:                                        Affirmed




DATE OF JUDGMENT ENTRY:          February 22, 2011




APPEARANCES:

For Plaintiff-Appellee                         For Defendant-Appellant

JOHN D. FERRERO                            PAUL F. ADAMSON
Stark County Prosecutor                     137 South Main Street
                                                          Suite 201
By: RONALD MARK CALDWELL          Akron, OH  44308
Assistant Prosecuting Attorney
110 Central Plaza South
Suite 510
Canton OH  44702

*Farmer, J.*

{¶1}   On November 11, 1998, the Stark County Grand Jury indicted appellant, Jeffrey Pugh, on one count of attempted murder in violation of R.C. 2923.02, one count of aggravated burglary in violation of R.C. 2911.11, and one count of aggravated robbery in violation of R.C. 2911.01.  All counts carried firearm specifications.

{¶2}   On December 18, 1998, appellant pled guilty to all counts and specifications.  By judgment entry filed February 1, 1999, the trial court sentenced appellant to an aggregate term of twenty years in prison.

{¶3}   On April 20, 2010, appellant filed a pro se motion for resentencing, claiming his original sentence was void because it failed to set forth mandatory postrelease control time.  A hearing was held on June 21, 2010.  By judgment entry filed June 28, 2010, the trial court resentenced appellant to an aggregate term of twenty years in prison, and imposed five years of postrelease control.

{¶4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶5}   "THE SENTENCED AS IMPOSED BY THE TRIAL COURT IS CLEARLY AND CONVINCINGLY CONTRARY TO LAW."

II

{¶6}   "THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING MAXIMUM SENTENCES AND CONSECUTIVE SENTENCES."

I, II

{¶7}  Appellant claims the resentence by the trial court was contrary to law as the trial court engaged in impermissible fact-finding and failed to conduct a meaningful de novo hearing.  Appellant also claims the trial court abused its discretion in imposing maximum and consecutive sentences.  We disagree.

{¶8}  In *State v. Singleton,* 124 Ohio St.3d 173, 2009-Ohio-6434, the Supreme Court of Ohio held the following at paragraph one of the syllabus:

{¶9}  "For criminal sentences imposed prior to July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall conduct a de novo sentencing hearing in accordance with decisions of the Supreme Court of Ohio."

{¶10}  In this case, appellant was sentenced prior to July 11, 2006 and was not properly informed of postrelease control; therefore, pursuant to *Singleton,* he was entitled to a de novo hearing.  However, in *State v. Fischer,* ___ Ohio St.3d ___, 2010-Ohio-6238, the Supreme Court of Ohio limited the nature of the de novo hearing:

{¶11}  "1. A sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack.

{¶12}  "2. The new sentencing hearing to which an offender is entitled under *State v. Bezak* is limited to proper imposition of postrelease control.  (*State v. Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, syllabus, modified.)

{¶13}  "3. Although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence.

{¶14} "4. The scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing."

{¶15} As stated by the *Fischer* court in paragraph two of the syllabus, the new sentencing hearing is limited to the proper imposition of postrelease control. Upon review, we find the trial court sub judice properly notified appellant of the mandatory five year postrelease control requirement under R.C. 2967.28(B). T. at 7; Judgment Entry filed June 28, 2010.

{¶16} Appellant's argument regarding impermissible fact-finding via its judgment entry filed June 28, 2010 is of no consequence given the fact that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, ¶100.[1]

{¶17} As for appellant's challenge to the maximum/consecutive nature of his sentence, we note appellant never filed a direct appeal on these issues. Pursuant to paragraph three of the *Fischer* syllabus, res judicata applies, and appellant cannot now "back door" a challenge to the length of his sentence via a postrelease control resentencing hearing.

{¶18} Assignments of Error I and II are denied.

---

[1]Although in *Oregon v. Ice* (2009), 555 U.S. 160, the United States Supreme Court upheld the constitutional validity of an Oregon statute similar to Ohio's pre-*Foster* sentencing statutes, the Supreme Court of Ohio in *State v. Hodge,* ___ Ohio St.3d ___, 2010-Ohio-6320, held the *Oregon* case did not revive the *Foster* statutes, and trial courts are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences.

{¶19} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Edwards, J. concur.

S/ Sheila G. Farmer_____

S/W. Scott Gwin_____

S/Julie A. Edwards_____

JUDGES

SGF/sg 204

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee             :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
JEFFREY ALLEN PUGH                     :
                                       :
    Defendant-Appellant            :          CASE NO. 2010CA00173


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. Costs to appellant.


S/ Sheila G. Farmer_____


S/W. Scott Gwin_____


S/Julie A. Edwards_____

JUDGES