[Cite as *State v. Cottrill*, 2011-Ohio-4599.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | |
| JAMES L. COTTRILL | : | Case No. 10-CA-128 |
| | : | |
| Defendant - Appellant | : | O P I N IO N |


CHARACTER OF PROCEEDING:    Appeal from the Court of Common Pleas,
Case No. 03CR521


JUDGMENT:    Affirmed


DATE OF JUDGMENT:    September 12, 2011


APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

TRACY F. VAN WINKLE            ERIC W. BREHM
20 South Second Street            604 East Rich Street
4th Floor                             Suite 2100
Newark, OH  43055               Columbus, OH  43215

*Farmer, P.J.*

{¶1}    On April 20, 2004, appellant, James Cottrill, pled guilty to one count of aggravated robbery in violation of R.C. 2911.01 and one count of kidnapping in violation of R.C. 2905.01.  Both counts carried firearm specifications.  By judgment entry filed same date, the trial court sentenced appellant to an aggregate term of eight years in prison.  The sentence was ordered to be served consecutively to a sentence appellant received in Pickaway County, Ohio.

{¶2}    On August 27, 2010, appellant filed a motion for de novo sentencing as his original sentence did not include a term of postrelease control.  A hearing was held on October 18, 2010.  Appellant requested a continuance in order to call witnesses.  The trial court denied the request.  By nunc pro tunc judgment entry filed October 19, 2010, the trial court resentenced appellant to the eight year aggregate term and imposed five years of postrelease control.

{¶3}    Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶4}    "THE TRIAL COURT DID ERR BY IMPOSING MULTIPLE PRISON SENTENCES, WHEN THE OFFENSES WERE ALLIED OFFENSES OF SIMILAR IMPORT.

II

{¶5}    "THE TRIAL COURT DID ERR BY REFUSING TO GRANT THE DEFENDANT'S REQUEST FOR A CONTINUANCE."

III

{¶6} "THE TRIAL COURT DID ERR BY IMPOSING CONSECUTIVE SENTENCES."

IV

{¶7} "THE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL."

I, II, III, IV

{¶8} Appellant claims the trial court erred in imposing multiple prison terms, denying his request for a continuance, and imposing consecutive sentences. Appellant also claims ineffective assistance of counsel for counsel's failure to object to the multiple prison terms. We disagree.

{¶9} In *State v. Singleton,* 124 Ohio St.3d 173, 2009-Ohio-6434, the Supreme Court of Ohio held the following at paragraph one of the syllabus:

{¶10} "For criminal sentences imposed prior to July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall conduct a de novo sentencing hearing in accordance with decisions of the Supreme Court of Ohio."

{¶11} In this case, appellant was sentenced prior to July 11, 2006 and was not properly informed of postrelease control; therefore, pursuant to *Singleton,* he was entitled to a de novo hearing. However, in *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, syllabus, the Supreme Court of Ohio limited the nature of the de novo hearing:

{¶12} "1. A sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack.

{¶13} "2. The new sentencing hearing to which an offender is entitled under *State v. Bezak* is limited to proper imposition of postrelease control. (*State v. Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, syllabus, modified.)

{¶14} "3. Although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence.

{¶15} "4. The scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing."

{¶16} As stated by the *Fischer* court in paragraph two of the syllabus, the new sentencing hearing "is limited to proper imposition of postrelease control." Upon review, we find the trial court sub judice properly notified appellant of the mandatory five year postrelease control requirement under R.C. 2967.28(B). T. at 10; Nunc Pro Tunc Judgment Entry filed October 19, 2010.

{¶17} Pursuant to *Fischer,* the issues of multiple prison terms/allied offenses of similar import and consecutive sentences were not reviewable during this hearing. See, *State v. Griffis,* Muskingum App. No. CT2010-57, 2011-Ohio-2955; *State v. Pugh,* Stark App. No. 2010CA00173, 2011-Ohio-812. The ineffective assistance of counsel claim related to the allied offenses argument is moot.

{¶18}  As for the continuance request, appellant sought to present witnesses on his behalf.  Pursuant to *Fischer,* the hearing was not about gathering additional testimony and/or evidence, but the proper imposition of postrelease control.  The trial court did not abuse its discretion in denying appellant's request for a continuance of the hearing.  *State v. Unger* (1981), 423 Ohio St.2d 65.

{¶19}  Assignments of Error I, II, III, and IV are denied.

{¶20}  The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.

By Farmer, P.J.

Wise, J. and

Edwards, J. concur.


_s/ Sheila G. Farmer_____


_s/ John W. Wise_____


_s/ Julie A. Edwards_____

JUDGES


SGF/sg 822

[Cite as *State v. Cottrill*, **2011-Ohio-4599.**]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JAMES L. COTTRILL | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 10-CA-128 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed. Costs to appellant.

_s/ Sheila G. Farmer_____

_s/ John W. Wise_____

_s/ Julie A. Edwards_____

JUDGES