[Cite as *State v. Smith*, 2012-Ohio-4240.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P. J.<br>Hon. W. Scott Gwin, J.<br>Hon. John W. Wise, J. |
| Plaintiff-Appellee | |
| -vs- | Case Nos. 11 CA 119, 11 CA 120 and<br>11 CA 121 |
| MONTE SMITH | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case Nos. 07 CR 221 and
                             07 CR 370



JUDGMENT:                    Affirmed



DATE OF JUDGMENT ENTRY:      September 17, 2012



APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

KENNETH OSWALT                            ELIZABETH N. GABA
PROSECUTING ATTORNEY                      1231 East Broad Street
CHRISTOPHER A. REAMER                     Columbus, Ohio  43205
ASSISTANT PROSECUTOR
20 South Second Street
Newark, Ohio  43055

*Wise, J.*

{¶1}    Defendant-Appellant Monte E. Smith appeals the November 2011 nunc pro tunc sentencing entries concerning his 2008 convictions, rendered subsequent to pleas of guilty and no contest, on various counts of cocaine trafficking and cocaine possession, in the Court of Common Pleas, Licking County. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2}    On March 9, 2007, appellant was indicted by the Licking County Grand Jury on charges of possession of cocaine, trafficking in cocaine, and attempted illegal manufacture of drugs, with forfeiture specifications, under case number 07 CR 117.

{¶3}    However, on May 3, 2007, appellant was re-indicted under case number 07 CR 221 and charged with two counts of trafficking in crack cocaine, one count of illegal manufacture of drugs, three counts of possession of cocaine, with forfeiture specifications, and one count of possession of drug paraphernalia. Case number 07 CR 117 was ultimately dismissed by the State.

{¶4}    On July 9, 2007, appellant was also indicted under case number 07 CR 370 on one count of trafficking in cocaine, R.C. 2925.03(A)(1)(C)(4)(d), a second-degree felony. On September 17, 2007, the second count in case number 07 CR 221 (trafficking in crack cocaine, R.C. 2925.03(A)(1)(C)(4)(f), a first-degree felony) was correspondingly dismissed at the State's request. Case number 07 CR 221 and case number 07 CR 370 were thereupon consolidated for further proceedings at the trial court level.

{¶5}    On January 24, 2008, the scheduled trial date, the parties indicated that a plea agreement had been reached, and a plea hearing was thereupon conducted. At

said plea hearing, certain negotiations took place, which were accepted by the trial court.

{¶6} Appellant thereupon entered pleas of guilty to the first and fourth count of the indictment in case number 07 CR 221, i.e., trafficking in crack cocaine (a felony of the first degree) and possession of cocaine (a felony of the third degree), respectively. Appellant also entered a no contest/*Alford* plea as to the sixth count of the indictment in said case, possession of cocaine (also a felony of the third degree). Finally, appellant entered a guilty plea to the count of trafficking in cocaine in Case No. 07 CR 370, with said count later being amended from a felony of the second degree to a felony of the third degree.

{¶7} The judgment entry on the pleas in each case was filed on January 25, 2008, and attached to the judgment entry in each case was a completed plea form. The trial court ordered a pre-sentence investigation and report at that time.

{¶8} On March 19, 2008, a sentencing hearing was conducted. At that time the trial court sentenced appellant in case number 07 CR 221 to three years on the aforesaid first count, two years on the fourth count, and two years on the sixth count, to run consecutively with each other and consecutive with a sentence of two years on the single count in case number 07 CR 370, for a total of nine years. On March 20, 2008, a written judgment entry in each case was filed.

{¶9} Appellant thereupon appealed to this Court, challenging the trial court's denial of his motion to dismiss the indictment (based on speedy trial grounds) and the trial court's imposition of consecutive sentences. On April 8, 2009, we overruled

appellant's assigned errors and affirmed his convictions and sentence. *See State v. Smith*, Licking App.Nos. 08 CA 42, 08 CA 43, 2009-Ohio-1684.

{¶10} While the aforesaid appeal was pending, on October 1, 2008, the trial court issued a judgment entry in case number 07 CR 221, at the State's behest, clarifying that counts three, five, and seven of the indictment in that case were dismissed. Similarly, on September 30, 2008, the trial court issued a judgment entry in case number 07 CR 370, again at the State's behest, clarifying that the cocaine trafficking count in that case was amended to a third-degree felony.

{¶11} On January 19, 2010, appellant filed in the trial court a motion to vacate (using both case numbers 07 CR 221 and 07 CR 370) regarding his sentencing entries and amended judgment entries of March 20, 2008, October 1, 2008, and September 30, 2008, as well as a motion for resentencing, and a motion for immediate release from incarceration.

{¶12} On April 12, 2010, appellant additionally filed a motion to withdraw his pleas entered in 2008.

{¶13} On August 16, 2010, the State filed memoranda in response to the aforesaid motions.

{¶14} On September 27, 2010, via judgment entry, the trial court denied the motion to withdraw pleas in each case number. However, the court further ordered appellant's motion to vacate in 07 CR 370 to be set for a resentencing hearing.

{¶15} Appellant thereupon appealed to this Court the September 27, 2010 decision denying the requested withdrawal of pleas. Said appeal was assigned

appellate case numbers 10 CA 113 and 10 CA 114. However, on February 3, 2011, we dismissed same for want of prosecution and the lack of a brief by appellant.

{¶16} On November 3, 2011 and November 7, 2011, the trial court issued nunc pro tunc judgment entries correcting appellant's post-release control notification. Specifically, two nunc pro tunc entries were filed in 07 CR 221, while one nunc pro tunc entry was filed in 07 CR 370.

{¶17} On December 2, 2011, appellant filed three notices of appeal as to the judgment entries of November 3, 2011 and November 7, 2011. He herein raises the following seven Assignments of Error:

{¶18} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION BY NOT CONSIDERING HIS MOTION TO WITHDRAW PLEAS UNDER A PRE-SENTENCE STANDARD.

{¶19} "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION BY NOT FINDING THAT THE STATE PURPOSELY AND ILLEGALLY PLACED IN THE COURT FILE INFORMATION THAT WAS GIVEN UNDER THE GUISE OF IMMUNITY, WITHOUT MIRANDA WARNINGS AND AS A RESULT USED BY THE COURT AT SENTENCING TO SET FORTH CONSECUTIVE SENTENCES AND A NINE-YEAR SENTENCE ON A FIRST-TIME OFFENDER.

{¶20} "III. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION BY NOT FINDING THAT THE STATE FILED ALL ITS DISCOVERY IN THESE CASES, IN ORDER TO MAKE THEM JUDICIAL RECORDS OPEN TO THE PUBLIC, IN CONTRAVENTION OF DEFENDANT'S 5[TH], 6TH, AND 14TH AMENDMENT RIGHTS. THE TRIAL COURT FURTHER ERRED BY NOT FINDING

THAT THE STATE FILED ALL ITS DISCOVERY IN THE COURT FILE, TO PROVIDE MATERIALS TO THE COURT FOR THE COURT TO RELY ON IN DETERMINING THE STATE'S AND DEFENDANT'S SUBSTANTIVE RIGHTS. THE TRIAL COURT ERRED BY NOT FINDING THAT THE STATE THEREFORE HAD MATERIALLY PREJUDICED ANY AND ALL ADJUDICATIVE PROCEEDINGS IN THE CASE FROM THE MOMENT IT PUBLICALLY FILED DISCOVERY.

{¶21} "IV. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION BY NOT FINDING THAT APPELLANT THEREFORE, HAS A COMPLETE DUE PROCESS/OUTRAGEOUS CONDUCT DEFENSE TO ALL CHARGES ON CONTRACT LAW AND FUNDAMENTAL FAIRNESS PRINCIPLES.

{¶22} "V. THE TRIAL COURT, IN THE ALTERNATIVE, ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION BY NOT FINDING THAT THE INFORMATION GIVEN TO POLICE BY THIS CRIMINAL DEFENDANT WAS USED AGAINST OTHER PERSONS, RESULTING IN ARRESTS, WHERE THAT INFORMATION SHOULD BE CREDITED TO THIS DEFENDANT FOR SENTENCING PURPOSES.

{¶23} "VI. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION BY NOT FINDING THAT THE DEFENDANT'S PLEAS ARE MISCONSTRUED BY THE STATE AND THEN THE COURT, AND ARE FURTHER NOT KNOWING, INTELLIGENT OR VOLUNTARY; THEY ARE VOID.

{¶24} "VII. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION BY NOT FINDING THAT EVEN UNDER A

'MANIFEST INJUSTICE' STANDARD, DEFENDANT IS ENTITLED TO WITHDRAW HIS PLEAS."

I.

**{¶25}** In his First Assignment of Error, appellant contends the trial court erred in failing to address his Crim.R. 32.1 motion to withdraw pleas utilizing a "pre-sentence" standard. We disagree.

**{¶26}** Crim.R. 32.1 reads as follows: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

**{¶27}** Thus, the standard upon which the trial court is to review a request for a change of plea after sentence is whether there is a need to correct a "manifest injustice." *State v. Marafa,* Stark App.Nos. 2002CA00099, 2002CA00259, 2003-Ohio-257, ¶ 8. Under the manifest injustice standard, a post-sentence withdrawal motion is allowable only in extraordinary cases. *State v. Aleshire,* Licking App.No. 09–CA–132, 2010–Ohio–2566, ¶ 60, citing *State v. Smith* (1977), 49 Ohio St.2d 261, 264, 361 N.E.2d 1324. In contrast, unlike the "manifest injustice" standard governing a post-sentence motion, Crim.R. 32.1 has no specific guidelines for granting a presentence motion to withdraw a guilty plea. *State v. Calloway,* Hamilton App.No. C–040066, 2004–Ohio–5613, ¶ 11, citing *State v. Xie* (1992), 62 Ohio St.3d 521, 526, 584 N.E.2d 715. A presentence motion to withdraw a plea should be freely and liberally granted; however, the decision is left to the trial court's sound discretion. *Id.,* citing *Xie* at 526.

**{¶28}** In the case sub judice, the trial court denied appellant's Crim.R. 32.1 motion via a judgment entry filed September 27, 2010. Appellant maintains that the trial court should have applied the more liberal "pre-sentence" standard to said motion on the theory that his original convictions and sentence were not final appealable orders pursuant to *State v. Baker* (2008), 119 Ohio St.3d 197, 201, 893 N.E.2d 163, 2008-Ohio-3330, which requires that the plea (if applicable), means of conviction, and sentence all be set forth in one judgment entry. Specifically, appellant maintains that his original sentencing entries failed to indicate that the State had dismissed counts three, five, and seven in case 07 CR 221, that count two in case 07 CR 221 had been previously dismissed, and that count one in case 07 CR 370 had been amended from a second-degree to a third-degree felony. See Appellant's Brief at 16.

**{¶29}**  In *Baker*, the Ohio Supreme Court outlined the necessary requirements for an order to be a final, appealable order in a criminal case: "We now hold that a judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court. Simply stated, a defendant is entitled to appeal an order that sets forth the manner of conviction and the sentence." *Id.* at 201. *Baker* was subsequently modified and clarified in *State v. Lester*, 130 Ohio St.3d 303, 958 N.E.2d 142, 2011-Ohio-5204, wherein the Ohio Supreme Court held, at paragraph one of the syllabus: "A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." Nonetheless, *Baker* " ' ***

does not require a reiteration of those counts and specifications for which there were no convictions, but were resolved in other ways, such as dismissals, nolled counts, or not guilty findings.' " *State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas,* 127 Ohio St.3d 29, 30, 936 N.E.2d 41, 2010-Ohio-4728, ¶ 2, quoting *State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas,* Cuyahoga App. No. 93814, 2010-Ohio-1066, 2010 WL 972808, ¶ 8.

**{¶30}** Upon review, we hold the claimed omissions in the original sentencing entries herein asserted by appellant do not establish a failure by the trial court to adequately set forth the manner or fact of conviction and thus do not implicate the rule of *Baker* and/or *Lester*; therefore, the trial court correctly utilized a "post-sentence" standard in ruling upon appellant's motion to withdraw his 2008 pleas. Furthermore, as further discussed infra, issues pertaining to the requested withdrawal of pleas were thus ripe for appeal following the trial court's judgment entry denying appellant's Crim.R. 32.1 motion on September 27, 2010, and his present claims in this regard are thus untimely. See App.R. 4(A).

**{¶31}** Appellant's First Assignment of Error is overruled.

II., III., IV., V., VI., VII.

**{¶32}** In his Second, Third, Fourth, Fifth, Sixth, and Seventh Assignments of Error, appellant contends, on various grounds, that the trial court improperly denied his motion to withdraw his 2008 pleas, even under a post-sentence "manifest injustice" burden under Crim.R. 32.1.

**{¶33}** A Crim.R. 32.1 motion is not a challenge to the validity of a conviction or sentence, and instead only focuses on the plea. *See State v. Bush,* 96 Ohio St.3d 235,

2002-Ohio-3993, 773 N.E.2d 522, ¶ 13. Our review of the trial court's decision under Crim.R. 32.1 is limited to a determination of whether the trial court abused its discretion. See *State v. Caraballo* (1985), 17 Ohio St.3d 66, 477 N.E.2d 627. However, as a procedural matter, as we indicated in our earlier recitation of the facts and case, appellant's notices of appeal in this matter go to the November 3, 2011 and November 7, 2011 nunc pro tunc resentencing entries issued for the limited purpose of correcting notification of post-release control, brought about by appellant's motion to vacate filed January 19, 2010. Appellant's subsequent motion to withdraw pleas was separately filed on April 12, 2010 and denied by the trial court via judgment entries on September 27, 2010, at which time the court also indicated that it would set the motion to vacate in 07 CR 370 for a later hearing pursuant to R.C. 2929.191. Appellant thereupon timely filed notices of appeal from the September 27, 2010 denial of the motion to withdraw pleas; however, we dismissed said appeals on February 3, 2011 for want of prosecution by appellant.

{¶34} This Court has recognized that "[t]he scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing." *State v. Cottrill*, Licking App.No. 10-CA-28, 2011-Ohio-4599, ¶ 15, quoting *State v. Fischer,* 128 Ohio St.3d 92, 2010–Ohio–6238, paragraph four of the syllabus. Accordingly, we reject appellant's attempts to revisit issues pertaining to the withdrawal of his plea in the within appeal, as these issues are now res judicata and are outside of any issues arising at the PRC resentencing hearing.

{¶35} Appellant's Second, Third, Fourth, Fifth, Sixth, and Seventh Assignments of Error are overruled.

{¶36} For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.


By: Wise, J.

Delaney, P. J., and

Gwin, J., concur.

_____

_____

_____

JUDGES

JWW/d 0827

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee             :
                                       :
-vs-                                   :            JUDGMENT ENTRY
                                       :
MONTE SMITH                            :
                                       :
    Defendant-Appellant            :            Case Nos. 11 CA 119, 11 CA 120
                                       :            and 11 CA 121

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.

Costs assessed to appellant.

_____

_____

_____

JUDGES